**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Alan King,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | NO. CV-16-0086-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, SENIOR U. S. DISTRICT JUDGE:

    Richard Alan King's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") is now fully briefed. (Doc. 24) King claims he received ineffective assistance of counsel and that he did not knowingly and voluntarily represent himself. (Doc. 24) Respondent argues that he cannot raise this claim because he chose to represent himself at various points in his criminal proceedings. (Doc. 32) As explained below, the Court recommends that King's Motion be denied and dismissed with prejudice.

**Procedural Background**

    After King's indictment, he requested self-representation. (2:08-cr-45 ("CR") Doc. 135 at 2) The Court warned him that it was "a bad idea" and, after time to consult with counsel, King rescinded his request. (CR Doc. 135 at 3-11)

Subsequently, King again requested self-representation. (CR Doc. 199, 367 at 4-12) After a lengthy discussion about the limited obligations of advisory counsel, the Court granted King's request and appointed his counsel as his advisory counsel. (CR Doc. 367 at 12:3-9) For approximately two months, King represented himself and filed numerous papers, including a Motion to Dismiss Advisory Counsel. (CR Doc. 221, 223, 226, 230, 238) Thereafter, King filed a motion titled "Ex Parte Request to Amend Advisory Counsel's Appointment to that of Trial Counsel." (CR Doc. 259) The Court granted that request and appointed King counsel. (CR Doc. 260)

Approximately four months later, King again informed the Court that he wanted to represent himself. (CR Doc. 332) At a hearing on his motion, the Court granted his request. (CR Docs. 352, 819 at 7-14) For the next month, King represented himself and filed and responded to pretrial motions. (CR Docs. 354, 362, 365, 380, 381, 387, 388, 389, 412, 417, 418, 419, 420, 421). King represented himself for the first three days of trial. (CR Docs. 422, 423, 425) During the fourth day of trial, the Court granted King's request that his advisory counsel become his counsel of record. (CR Doc. 426)

Approximately two weeks after the jury found him guilty, and again two months later King again requested to represent himself. (CR Docs. 500, 562) At a hearing intended for sentencing, the Court granted King's request to represent himself. (CR Doc. 584) King filed various papers over the next three months. (CR Docs. 576, 581, 582, 583, 587, 592, 593, 594, 595, 607, 608, 609, 610, 611, 613, 614, 624, 625, 627, 631, 632, 633, 634, 635, 644, 649, 652, 653, 654, 655, 656, 658)

After sentencing, King filed more papers, including a "Motion for Appointment of Advisory Counsel for direct appeal" and "Motion for New Trial Pursuant to F.R.C.P. 33(a) (b) (1)." (CR Docs. 627, 669; CR Docs. 664, 668, 670, 675, 676, 678, 679, 684, 685, 686, 707, 713) The Court granted King's request and appointed him appellate advisory counsel until the Ninth Circuit informed King that it does not appoint advisory counsel. (CR Docs. 691, 779) King proceeded *pro se* and the Ninth Circuit first stayed his appeal and remanded to the District Court "for the limited purpose of enabling the

district court to address" the various motions King had filed. (CR Doc. 807) After those motions were denied, the Circuit addressed the merits of his appeal. (CR Doc. 847-3) King raised several claims and the Circuit rejected all of them and affirmed his conviction. (CR Doc. 847-3) King's request for rehearing and rehearing *en banc* were denied and the mandate issued on July 30, 2014. (CR Doc. 847-2) The U.S. Supreme Court denied King's petition for writ of *certiorari* on January 12, 2015, and denied his petition for rehearing on March 9, 2015. (Ninth Circuit Court of Appeals Case 10-10005, Doc. 186, 187)

In January 2016, King timely initiated post-conviction proceedings in this Court. (Doc. 1) The Court granted King's request to amend his 2255 Motion to address "scribeners errors." (Doc. 7, 23) After a stay and an extensive motions practice, this matter is now fully briefed. (Docs. 10, 23, 52)

**Analysis**

King raises two claims for relief. First, he argues that he received ineffective assistance of counsel in various ways and second, he argues that he should have been represented when he filed a motion for a new trial. (Doc. 24) Respondents argue that King cannot raise either claim. (Doc. 32) The Court agrees.

When a criminal defendant requests self-representation, the District Court must determine that the request is knowing and intelligent. *Faretta v. California*, 422 U.S. 806, 819-20, 835 (1975). After that determination, the Court can choose to appoint advisory counsel but a *pro se* defendant has no right to such counsel. *U.S. v. Moreland*, 622 F.3d 1147, 1155 (9th Cir. 2010); *U.S. v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995). "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel."" *Faretta*, 422 U.S. at 834, n.46. This means that the Court cannot consider post-conviction claims of ineffective assistance of counsel or advisory counsel. *Cook v. Ryan*, 688 F.3d 598, 609 (9th Cir. 2012); *see also Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982).

Accordingly, under longstanding and binding precedent, King's claims of ineffective assistance of counsel cannot stand. (Doc. 24 at 5-50)

Likewise, the Court cannot review King's claim that he should have received *Faretta* warnings before he moved for a new trial. (Doc. 24 at 51-52) King could have raised this claim in his direct appeal, when he was proceeding *pro se*, but did not. Accordingly, this claim is also barred from consideration.

Motions. After the Court granted King's motion to amend, he filed two more. First, King moved to amend his 2255 Motion to expand his ineffective assistance of counsel claims. (Doc. 25) Because these claims cannot stand, this proposed amendment cannot go forward.

King also moved to amend his 2255 Motion to include a claim under *U.S. v. Sanchez-Gomez*, 859 F.3d 649 (9th Cir. 2017). (Doc. 26) In light of the Supreme Court's recent ruling, 2018 WL 2186177, the Court will deny this motion.

King has also moved for an order to show cause. (Doc. 53) Because Respondent has not failed to comply with a Court order, King's motion cannot stand. Finally, the Court will deny King's request for a blanket extension. (Doc. 60)

**IT IS THEREFORE RECOMMENDED** that Richard Alan King's Amended Motion to Vacate, Set Aside or Correct Sentence be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that King's Motion to Amend to expand his ineffective assistance of counsel claims be denied. (Doc. 25)

**IT IS FURTHER RECOMMENDED** that King's Motion to Amend to add a claim under *United States v. Sanchez-Gomez*, be denied. (Doc. 26)

**IT IS FURTHER ORDERED** denying King's Motion to Show Cause Why the United States Should Not be Held in Civil Contempt. (Doc. 53)

**IT IS FURTHER ORDERED** denying King's Motion for Extension of Time to File Objections to Reports and Recommendations and Replies to any of Respondent's Moving Papers and Magistrate Decisions. (Doc. 60)

**IT IS FURTHER ORDERED** denying as moot Respondents' Motion to Permit the United States to Respond Only When Ordered. (Doc. 64)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 5th day of June, 2018.

_____
David K. Duncan
United States Magistrate Judge